**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1632

ELSA LORENA PALACIOS-ZELAYA; A.U.H.Z.; A.L.H.Z.; C.L.H.Z.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  May 10, 2024                                    Decided:  May 31, 2024

Before GREGORY and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Nicholas J. Phillips, LAW OFFICE OF NICHOLAS J. PHILLIPS PLLC, Harrisonburg, Virginia, for Petitioners.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Walter Bocchini, Senior Litigation Counsel, Monica M. Twombly, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elsa Lorena Palacios-Zelaya and her three children, natives and citizens of Honduras, petition for review of the order of the Board of Immigration Appeals ("Board") denying the motion to remand and dismissing the appeal from the immigration judge's decision denying asylum, withholding of removal, and protection under the Convention Against Torture.[*] We deny the petition for review.

Palacios-Zelaya contends that the Board erred in using the wrong standard to determine whether she was prejudiced by her counsel's conduct. The Board considers an ineffective assistance of counsel claim under the standard set in *In re Lozada*, 19 I. & N. Dec. 637, 638-39 (B.I.A. 1988). The Board held that a noncitizen could prevail on an ineffective assistance of counsel claim only by showing, first, that counsel's performance was deficient enough to render the proceeding "fundamentally unfair," preventing the noncitizen from "reasonably presenting h[er] case." *Id*. at 638. And second, a noncitizen must establish that she was "prejudiced by [counsel's] performance." *Id*. The noncitizen must "establish a *prima facie* showing that [s]he was entitled to [relief from removal]." *Figeroa v. INS*, 886 F.2d 76, 79 (4th Cir. 1989) (finding that applicant did not suffer prejudice because he did not make a prima facie showing of a well-founded fear of persecution). The noncitizen "must show that, but for counsel's unprofessional errors, there is a reasonable probability the IJ would have granted the relief . . . requested. Such a

---

[*] Palacios-Zelaya's three minor children were derivative asylum applicants. *See* 8 U.S.C. § 1158(b)(3)(A). They did not apply for relief independently of Palacios-Zelaya's application.

2

probability is demonstrated where a movant makes a *prima facie* showing that, but for counsel's ineffectiveness, [s]he would have been eligible for . . . relief, and could have made a strong showing in support of [her] application." *Paucar v. Garland*, 84 F.4th 71, 80-81 (2d Cir. 2023) (citations and internal quotation marks omitted).

After reviewing the record, we conclude that the Board did not err in finding that Palacios-Zelaya did not show she was prejudiced by counsel's performance when she failed to establish prima facie eligibility for relief. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*